QUESTIONS:
1. Does s. 216.345, F. S., authorize the payment of The Florida Bar dues for the public defender and his full-time assistant public defenders out of the agency's appropriations?
2. Does s. 216.345, F. S., authorize the payment of dues for the public defender and his assistant public defenders, investigators, and administrative aides for the Florida Public Defender Association out of the budgets for the respective public defender circuits?
SUMMARY:
Section 216.345, F. S., as amended by Ch. 77-39, Laws of Florida, does not authorize the payment of Florida Bar dues for the public defender and his full-time assistant public defender from the agency's appropriation. Section 216.345 authorizes the payment of dues for the public defender and his assistant public defenders, investigators, and administrative aides for the Florida Public Defender Association out of the budgets for the respective public defender circuits when the association certifies that it does not accept institutional memberships and the agency head determines that individual membership is essential to the statutory duties and responsibilities of the public defender's office.
Since your questions essentially involve a construction of the same statute, they will be addressed together.
In 1977, the Florida Legislature amended s. 216.345, F. S., relating to the payment of professional or other organization membership dues from public funds. See Ch. 77-39, Laws of Florida. Section 216.345, as amended, provides that, upon approval of the agency head or designated agent thereof, a state department agency, bureau, commission or other component of state government may utilize state funds for the purpose of paying dues for membership in a professional or other organization only when such membership is essential to the statutory duties and responsibilities of the state agency. Section 216.345(1).
However, insofar as individual memberships are concerned, s.216.345(2) provides as follows:
 Upon certification by a professional or other organization that it does not accept institutional memberships, the agency may authorize the use of state funds for the payment of individual membership dues when such membership is essential to the statutory duties and responsibilities of the state agency by which the individual is employed. However, approval shall not be granted to pay membership dues for maintenance of an individual's professional or trade status in any association or organization, except in those isntances where agency membership is necessary and purchase of an individual membership is more economical. (Emphasis supplied.)
It appears that, since membership in The Florida Bar is a precondition to the practice of law in the State of Florida, membership dues could not be paid from public funds since the purpose of such membership would be to maintain an individual's `professional status.' Pursuant to s. 216.345(2), F. S., public funds can be expended for membership dues to maintain an individual's professional or trade status only when two conditions prescribed by the statute are met; first, the state agency which employs the individual must be required to hold a membership and, second, purchase of an individual membership must be more economical, presumably, than an agency membership.
Since state agencies cannot hold membership in The Florida Bar, it seems apparent that the Legislature intended to exempt from the prohibition of s. 216.345(2), F. S., relating to maintenance of professional or trade status, organizations other than The Florida Bar.
Accordingly, I am of the view that Ch. 77-39, Laws of Florida, which amends s. 216.345, F. S., does not serve to alter or modify the views expressed by this office in AGO 072-4 wherein it was concluded that a county judge who was required by law to be a member of The Florida Bar and prohibited from engaging in the private practice of law could not charge his bar dues as an expense of his office.
Insofar as membership in the Florida Public Defender Association is concerned, s. 216.345(1), F. S., authorizes payment of membership dues by the agency head or the designated agent thereof when it is determined that agency membership is essential to the statutory duties and responsibilities of the state agency. If the association certifies that it does not accept institutional memberships, the agency may authorize the payment of individual membership dues when such membership is essential to the statutory duties and responsibilities of the state employing agency, i.e., the public defender. Since membership in such an association does not serve to maintain an individual's professional or trade status, the second sentence of s. 216.345(2) is not applicable to your second question. It would appear, however, to be the initial responsibility of the agency head to determine whether membership in a particular organization is essential to the statutory duties and responsibilities of the state agency. If the membership is essential, then state funds may be utilized for such purposes providing the conditions imposed by the statute are met.
It should also be noted that prior to the payment of any dues or membership contribution to any professional or other organization from state or public funds the provisions of s. 119.012, F. S., must be considered and the procedural requirements thereof as set forth in AGO 074-351 followed by the public agency.
Prepared by: Sharyn L. Smith Assistant Attorney General